UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:   -CIV-

LUIS BELMONTE

    Plaintiff,

v.

CREATIVE PROPERTIES, INC.
a Florida Corporation, and
JEFFREY BOWIE, an individual

    Defendants.

_____/

## PLAINTIFF'S COMPLAINT

Plaintiff, LUIS BELMONTE (hereafter "BELMONTE"), by and through his undersigned attorney and hereby sues Defendants, CREATIVE PROPERTIES, INC. (hereafter "CREATIVE"), a Florida Corporation, and JEFFREY BOWIE, an individual (hereafter "BOWIE") , (collectively referred to as "Defendants" ) and in support thereof states as follows:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interest, costs, and attorney's fees for willful violation of overtime wages under the laws of the United States and the Fair Labor Standards Act, as amended 29 U.S.C. §201 *et seq.* ("FLSA"), and violation of Florida Statute §448.110.

### PARTIES

2. Plaintiff, BELMONTE, is an adult male who presently resides in Hollywood, Broward County, Florida.

3. Defendant, CREATIVE, a Florida Corporation, did at all times material conduct substantial and continuous business in the Southern District of Florida. CREATIVE is located at 3951 SW 4th Avenue Suite 106 Davie, FL 33314.

4. Defendant, BOWIE, owned, managed, and/or operated CREATIVE and regularly exercised the authority to hire and fire employees, determine work schedule of employees, set the rate of pay for employees, and controls the finances and operations of CREATIVE.

5. The Defendants are an enterprise engaged in an industry affecting interstate commerce, are "employer[s]" as defined by 29 U.S.C. §203(d) and s(1), in that they have employees engaged in interstate commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

6. Based upon information and belief, the annual gross sales volume of the Defendants entity was in excess of $500,000.00 per annum at all times material hereto.

7. At all times material hereto, BELMONTE is and continues to be a resident of Hollywood Broward County, Florida and was an "employee" of the Defendants within the meaning of the FLSA.

8. At all times material hereto, the worked performed by BELMONTE was directly essential to the business performed by the Defendants.

9. At all times material hereto, the Defendants are and continue to be an "employer" within the meaning of the FLSA.

10. At all times material, during BELMONTE's employment with Defendants, the Defendants were engaged in interstate commerce of in the production of goods for

commerce. The Defendants continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

## JURISDICTION AND VENUE

11. This Court has original subject matter jurisdiction over this suit pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

12. Venue is proper in the United States District Court of the Southern District of Florida under 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district and payment was due in Broward County.

## FACTUAL ALLEGATIONS

13. On or about July of 2013, BELMONTE was hired as landscaper at CREATIVE. On or about February 8, 2019, BELMONTE no longer worked for CREATIVE.

14. BELMONTE was given a wage of ten dollars and ninety-cents ($10.90) per hour.

15. In many weeks, BELMONTE worked in excess of forty (40) hours per week, but was not paid at the rate of time-and-one half his regularly hourly rate.

16. Between March 2017 and February 2019, BELMONTE worked approximately one thousand four hundred seventy (1,470) overtime hours.

17. Although the Defendants were able to keep track of hours worked by BELMONTE and other employees similarly situated, the Defendants failed to pay BELMONTE or other similarly situated employees at an overtime rate when working in excess of forty (40) hours a week.

18. BELONTE should have been paid an hourly, non-exempt rate during the entire court of his employment with the Defendants.

19. BELMONTE is still owed for his overtime work completed from March 2017 to February 2019.

### COUNT I
### Violation of 29 U.S.C. §207 (Unpaid Overtime)
### *(Against the Defendants)*

20. Plaintiff, BELMONTE re-alleges and re-incorporates paragraphs 1-19 as fully alleged therein.

21. As of March 2017, in addition to BELMONTE's normal, regular work week, BELMONTE worked additional hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half.

22. BELMONTE was entitled to be paid at the rate of time and one-half for the hours worked in excess of the maximum hours provided for in the FLSA.

23. Defendants failed to pay BELMONTE's overtime compensation in the lawful amount for hours worked by BELMONTE in excess of the maximum provided for in the FLSA.

24. At all times, Defendants willfully employed BELMONTE for many work weeks longer than forty (40) hours, and failed and refused to compensate BELMONTE for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rate at which he was employed.

25. As a result of the unlawful acts of Defendants, BELMONTE and all persons similarly situated to him have been deprived of minimum wages in amounts to be determined and are entitled to recovery of liquidated damages in the same amount, plus reasonable attorney's fees and cost.

26. Defendants remain owing BELMONTE overtime wages, and BELMONTE is entitled to recover double damages pursuant to the FLSA.

27. Records, if any, concerning the number of hours worked by BELMONTE and the actual compensation paid to him are in the possession and custody of Defendants.

28. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate BELMONTE at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

29. Defendants failed to properly disclose or apprise BELMONTE of his rights under the FLSA.

30. As a direct and proximate result of Defendants' willful disregard of the FLSA, BELMONTE has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount in liquidated damages.

31. BELMONTE is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff, BELMONTE respectfully requests that judgment be entered in their favor against Defendants, CREATIVE and BOWIE:

   a. Declaring that Defendants have violated the maximum provisions of 29 U.S.C. §201;

   b. Awarding BELMONTE overtime compensation in the amount calculated;

   c. Awarding BELMONTE liquidated damages in the amount calculated;

   d. Awarding BELMONTE reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. §216(b);

   e. Awarding BELMONTE post-judgment interest; and

   f. Ordering any other and further relief this Court deems to be just.

## COUNT II
### Violation of Florida Statute §448.110 (Unpaid Wages)
*(Against the Defendants)*

32. Plaintiff, BELMONTE re-alleges and re-incorporates paragraphs 1-19 as fully alleged therein.

33. Plaintiff, BELMONTE and all other similarly situated employees have earned unpaid wages which are owed and payable by Defendants pursuant to Florida Statute Chapter 448 and/or an agreement between the parties.

34. Defendants, despite BELMONTE's reasonable attempts to obtain payment of these earned monies, have failed and refused to make payment to BELMONTE and all other similarly situated employees as required by Florida Statute Chapter 448 and/or an agreement between the parties, thereby engaging in unlawful Wage Theft.

35. As a result of Defendants' Wage Theft and failure to pay earned wages, BELMONTE has suffered damages, including wages, interest and attorney's fees.

### DEMAND FOR JURY TRIAL

A jury trial is demanded on all issues triable by jury.

Respectfully Submitted,

**GALLARDO LAW OFFICE, P.A.**

*Attorney for the Plaintiffs*
8492 SW 8th Street
Miami, Florida 33144
Telephone (305) 261-7000
Facsimile (786) 261-0088

By: _____
Elvis J. Adán, Esq.
Florida Bar No. 24223
Email: elvis.adan@gallardolawyers.com