**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 0:19-cv-61438-FAM

LUIS BELMONTE,

      Plaintiff,

v.

CREATIVE PROPERTIES, INC., a Florida
Corporation, and JEFFREY BOWIE, an
individual,

      Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT WITH PREJUDICE[1]

    Defendants, CREATIVE PROPERTIES, INC., and JEFFREY BOWIE, by and through their undersigned counsel, hereby file their Motion to Dismiss Count II of Plaintiff's Complaint with Prejudice, and in support, state as follows:

## SUMMARY OF THE MOTION

    Count II of Plaintiff's Complaint should be dismissed for failure to state a distinct claim from Count I – for alleged unpaid overtime – pursuant to the doctrine of preemption because Count II is brought under state law, where the Fair Labor Standards Act ("FLSA") provides the only remedy for alleged unpaid overtime wages.

## PLAINTIFF'S COMPLAINT

    On June 10, 2019, Plaintiff filed a two-count Complaint, alleging only that he is owed overtime. Count I of Plaintiff's Complaint, then, states a claim for unpaid overtime under the FLSA. Count II of Plaintiff's Complaint, attempts to bring the same claim also pursuant to Ch. 448, Fla. Stat.

---

[1] Defendants are filing an Answer and Affirmative Defenses to Count I simultaneously with this Motion.

Count II of Plaintiff's Complaint does not make, or adopt, any allegations of facts distinct from those brought by Count I for unpaid overtime under the FLSA. Specifically, neither the general allegations portion of Plaintiff's Complaint, nor Count II, allege the failure to pay minimum wages, for instance. Thus, it, too, is brought solely for the recovery of alleged owed *overtime*.

## LEGAL ARGUMENT

### Standard of Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief. See, *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting rule). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). Instead, a plaintiff must plead enough facts to state a plausible basis for the claim. *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." See, *DeJean v. HLM Protective Serv.*, 2017 U.S. Dist. LEXIS 178363, *2 (S.D. Fla. Oct. 27, 2017); *Fisher v. Residential Realty Servs., Corp.*, 2016 U.S. Dist. LEXIS 163147, *3 (S.D. Fla. Nov. 23, 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *HLM Protective Serv*. Id. (citing *Iqbal*, 556 U.S. at 663). Thus, "only a complaint that states a plausible claim for relief survives a motion to

dismiss." *Id*. To do this the Complaint must provide enough factual support to its allegations beyond mere legal conclusions, to satisfy the elements of the claim. Faced with a motion to dismiss, a court should therefore "(1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." See, *Legg v. Quicken Loans, Inc.*, No. 14-61116-CIV, 2015 U.S. Dist. LEXIS 28031, 2015 WL 897476, at *1 (S.D. Fla. Feb. 25, 2015) (Scola, J.) (quoting Cigna, 605 F.3d at 1290); *Steele v. Int'l Ass'n of Trauma & Addiction Counselors, Inc*., 2016 U.S. Dist. LEXIS 87268, *2 (S.D. Fla. Jan. 26, 2016) (Scola, J.)

"Thus, a pleading that offers mere 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not survive dismissal. See, *Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679." *Villafana v. Our Children's Planet Corp*., 2016 U.S. Dist. LEXIS 86411, *4 (S.D. Fla. Mar. 23, 2016). (Scola, J.).

## <u>Count II of Plaintiff's Complaint is Preempted Under the FLSA and Fails to State a Distinct Claim</u>

As this Court previously already recognized, "[S]ection 216 of the FLSA is the exclusive remedy for enforcing rights created under the Act." See, *Bule v. Garda CL Se., Inc.*, No. 14-21898-CIV, 2014 U.S. Dist. LEXIS 95618, at *5 (S.D. Fla. July 11, 2014) (citing *Tombrello v. USX Corp.*, 763 F. Supp. 541, 545 (N.D. Ala. 1991)). "As a matter of law, [a] plaintiff cannot circumvent the exclusive remedy prescribed by Congress in asserting equivalent state law claims in addition to the FLSA claim." *Id*. (citing *Tombrello*, 763 F. Supp. at 545). See also, *Samuels v. S&J Crazy Lizards Entm't, LLC*, No. 18-80356-Civ-Brannon, 2018 U.S. Dist. LEXIS 131738, at

*9 (S.D. Fla. Aug. 3, 2018) (citing *Garcia v. Nachon Enters., Inc.*, 223 F. Supp. 3d 1257, 1268 (S.D. Fla. 2016)). "In particular, where a party's state law claims are 'merely the FLSA claims recast in state law terms,' those state law claims are preempted by the FLSA." *Id.*

Here, as was the case in *Bule*, Count II of Plaintiff's Complaint attempts to recast Plaintiff's alleged unpaid overtime claim under state law. It contains no distinct facts that could differentiate the claim brought in it from the claim brought in Count I. Further, in order to succeed on Count II, Plaintiff has to establish all the elements involved in his FLSA claim in Count I. Thus, Count II fails to state a claim because it is preempted under the FLSA, which provides the exclusive remedy for unpaid overtime.

## CONCLUSION

For the reasons set forth above, Count II of Plaintiff's Complaint should be dismissed with prejudice for failure to state a claim distinct from his unpaid overtime claim of Count I.

Respectfully submitted, this 15th day of July, 2019.

ADI AMIT, P.A.
*Attorneys for Defendants*
101 Centre
101 N.E. Third Avenue, Suite 300
Fort Lauderdale, Florida 33301
Phone: (954) 533-5922
E-mail: Adi@DefenderOfBusiness.com

By: *s/Adi Amit*
    Adi Amit, Esquire
    Florida Bar No. 35257

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 15, 2019, I electronically filed the foregoing document with the clerk of the court using CM/ECF.  I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Adi Amit*
Adi Amit


## SERVICE LIST

*Luis Belmonte v. Creative Properties, Inc., Jeffrey Bowie*
Case No.: 0:19-cv-61438-FAM

Elvis J. Adan, Esquire
GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, FL 33144
Elvis.adan@gallardolawyers.com
*Counsel for Plaintiff*

Adi Amit, Esquire
ADI AMIT, P.A.
101 Centre
101 N.E. Third Ave, Suite 300
Ft. Lauderdale, Florida 33301
adi@defenderofbusiness.com
milena@defenderofbusiness.com
rae@defenderofbusiness.com
*Counsel for Defendants*