UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 19-61438-CIV-MORENO

LUIS BELMONTE,

        Plaintiff,

vs.

CREATIVE PROPERTIES, INC., a Florida
Corporation, and JEFFREY BOWIE,

        Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS COUNT II WITH PREJUDICE

In this wage dispute, Plaintiff Luis Belmonte brings two causes of action against Defendants Creative Properties, Inc. and Jeffrey Bowie to recover unpaid wages. In Count I, Belmonte asserts a claim under Section 207 of the Fair Labor Standards Act; in Count II, he asserts a claim under Florida Statute Section 448.110.

The Defendants filed a Motion to Dismiss **(D.E. 10)** asking the Court to dismiss Count II with prejudice on grounds that it fails to state a claim that is "distinct" from Count I because both claims seek to recover the same unpaid overtime compensation. Furthermore, and along similar lines, the Defendants argue that Count II (a Florida statutory claim) should be dismissed as preempted by Count I (a federal Fair Labor Standards Act claim). Belmonte argues in his Opposition that his state law claim should not be dismissed because it is pleaded "in the alternative to" his federal Fair Labor Standards Act claim.

THE COURT has considered the Motion, the Opposition, the Reply, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that for the reasons explained below, the Motion to Dismiss is **GRANTED**. Accordingly, Count II is **DISMISSED WITH PREJUDICE**.

## BACKGROUND

In his Complaint, Belmonte alleges he was hired as a landscaper at Defendant Creative Properties, Inc. for $10.90 per hour. (D.E. 1 at ¶¶ 13–14.) Belmonte's core factual allegation is that he worked approximately 1,470 overtime hours between March 2017 and February 2019, but "was not paid at the rate of time-and-one half his regularly hourly rate," as required by law. *Id.* at ¶¶ 15–16. According to Belmonte, the Defendants still owe him compensation for the underpaid overtime hours worked. *Id.* at ¶ 19. Based upon these factual allegations, Belmonte brings a claim under Section 207 of the Fair Labor Standards Act to recover "overtime compensation in the lawful amount for hours worked . . . in excess of the maximum provided for in the FLSA." *Id.* at ¶ 23. And in Count II, he asserts a claim under Florida Statute Section 448.110 to recover "earned unpaid wages which are owed and payable by Defendants." *Id.* at ¶ 33.

## DISCUSSION

While Belmonte styles Count II as a claim for "unpaid *wages*" (in contrast to "unpaid *overtime*") and argues in his Opposition memoranda that his state law claim is pleaded "in the alternative to" his federal Fair Labor Standards Act claim, the Court finds that Count II is duplicative of Count I. Indeed, in Counts I and II, Belmonte "re-alleges and re-incorporates paragraphs 1-19 as fully alleged therein" *id.* at ¶¶ 20, 32—which, as discussed above, alleges *only* that the Defendants failed to pay him overtime wages for overtime hours worked, *see id.* at ¶¶ 15–16. In other words, the factual allegations underlying Counts I and II are identical. For this reason, the Defendants ask the Court to dismiss Count II with prejudice because it does not state a claim that is distinct from Count I.

"Duplicative claims are those that stem from identical allegations, that are decided under identical legal standards, and for which identical relief is available." *Kuchenbecker v. Johnson & Johnson*, No. 19-61712-CIV, 2019 WL 4416079, at *2 (S.D. Fla. Sept. 16, 2019)

(quoting *Manning v. Carnival Corp.*, No. 12-22258-CIV, 2012 WL 3962997, at *2 (S.D. Fla. Sept. 11, 2012) (quoting *Wultz v. Islamic Republic of Iran*, 755 F. Supp. 2d 1, 81 (D.D.C. 2010))). "To promote judicial economy, a court 'should dismiss claims that are duplicative of other claims.'" *Id.* (quoting *Manning*, 2012 WL 3962997, at *2). Here, as shown above, Counts I and II stem from identical factual allegations. (*See* D.E. 1 at ¶¶ 15–16, 20, 23, 32–33.) For this reason alone, Count II should be dismissed. But there is an additional reason that Count II is subject to dismissal. As the Defendants further argue, Belmonte's state law claim in Count II is preempted by the federal Fair Labor Standards Act claim in Count I.

Section 216 of the Fair Labor Standards Act provides in relevant part that any employer who violates Section 207 of the Act "shall be liable to the employee . . . affected in the amount of . . . their unpaid overtime compensation." 29 U.S.C. § 216(b). Notably, Section 216 is the exclusive remedy for enforcing rights created under the Fair Labor Standards Act. *See Bule v. Garda CL Se., Inc.*, No. 14-21898-CIV, 2014 WL 3501546, at *2 (S.D. Fla. July 14, 2014) (citing *Tombrello v. USX Corp.*, 763 F. Supp. 541, 545 (N.D. Ala. 1991)); *see also Volcy v. Rose Mgmt. Props., Inc.*, No. 14-61418-CIV, 2014 WL 12861852, at *2–3 (S.D. Fla. Aug. 12, 2014) (adopting *Bule*'s rationale for dismissal). And as a matter of law, a plaintiff "cannot circumvent the exclusive remedy prescribed by Congress in asserting equivalent state law claims in addition to the FLSA claim." *Garcia v. Nachon Enterprises, Inc.*, 223 F. Supp. 3d 1257, 1268 (S.D. Fla. 2016) (quoting *Morrow v. Green Tree Serv'g, L.L.C.*, 360 F. Supp. 2d 1246, 1252 (M.D. Ala. 2005)).

So, "where a plaintiff's state law claims are merely the FLSA claims recast in state law terms, those state law claims are preempted by the FLSA . . . ." *Id.* (citing *Alexander v. Vesta Ins. Grp., Inc.*, 147 F. Supp. 2d 1223, 1240–41 (N.D. Ala. 2001)). As a consequence, courts dismiss duplicative state law claims where they rely on proof of the same facts. *See Bule*, 2014 WL 3501546, at *2 (granting motion to dismiss with prejudice state law claims for breach of implied

3

agreement, *quantum meruit*, and unjust enrichment because "a plain reading" showed these claims were "all, without a doubt, dependent on a finding of the same violations of the FLSA"); *see also Bell v. 1220 Mgmt. Grp., LLC*, No. 17-cv-22479, 2018 WL 3054795, at *1–2 (S.D. Fla. June 20, 2018) (granting motion to dismiss claims for unpaid tips under Florida's Deceptive and Unfair Trade Practices Act and the Federal Trade Commission Act because those claims were "factually duplicative of the FLSA counts and based upon a violation of rights created by the FLSA").

Here, Belmonte seeks to enforce his right under the Fair Labor Standards Act to receive unpaid overtime wages of "a rate not less than one and one-half times the regular rate" for hours worked in excess of 40. *See* 29 U.S.C. § 207(a)(1). The exclusive remedy for enforcing this right derives from Section 216 of the Fair Labor Standards Act. *See Bule*, 2014 WL 3501546, at *2 (citing *Tombrello*, 763 F. Supp. at 545); *Volcy*, 2014 WL 12861852, at *2. Furthermore, Belmonte's state law claim in Count II for "unpaid wages" is premised on the exact same factual allegations as his federal claim in Count I for "unpaid overtime." *See supra*. Accordingly, Count II must be dismissed with prejudice as duplicative of Count I, and as preempted by the federal Fair Labor Standards Act. *See Bule*, 2014 WL 3501546, at *2; *Bell*, 2018 WL 3054795, at *2; *see also Kuchenbecker*, 2019 WL 4416079, at *2.

## CONCLUSION

Accordingly, for these reasons, it is

**ADJUDGED** that the Motion to Dismiss is **GRANTED**. Count II is accordingly **DISMISSED WITH PREJUDICE.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this ___ of October 2019.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

4